1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7               FOR THE DISTRICT OF ARIZONA
8
9  DONNIE RAY MATTHEWS,              )
                                     )
10          Petitioner,              )
                                     )        No.  CV 04-320-TUC-CKJ
11  vs.                              )
                                     )
12  DORA B. SCHIRIRO, et al.,        )              **ORDER**
                                     )
13          Respondents.             )
   ──────────────────────────────────)
14

        Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus by a

Person in State Custody Pursuant to 28 U.S.C. § 2254.  Respondents have filed an

Answer and Petitioner has filed a Reply.  Also pending before the Court are Petitioner's

Motion for Hearing [Doc. # 19], Motion to Appoint Counsel [Doc. # 19], Motion for

Discovery [Doc. # 27], Motion to Request Leave to File a Second Supplemental Pleading

[Doc. # 28], and a Motion to Request Leave to File a Traverse [Doc. # 36].


*Factual and Procedural Background*

        On October 29, 1992, Petitioner Donnie Ray Matthews ("Matthews") was

sentenced to concurrent prison terms, the longest of which was twenty (20) years for

assault, aggravated assault, and kidnapping.  Matthews apparently filed a pro per

document stating he waived his appeal rights; Matthews did not appeal at that time.

Respondents' Exhibit FF.

        On or about November 1, 1993, the Pima County Superior Court dismissed

1   Matthews' pro per petition for state habeas relief[1] with notice that Matthew should confer
2   with his attorney regarding appeal rights and post-conviction rights.

3       On or about November 29, 1993[2], Matthews filed a second Petition for Writ of
4   Habeas Corpus (False Imprisonment).  On or about December 1, 1993, Matthews filed
5   an Order for Issuance, Service, and Return to Writ and an Order for Immediate
6   Production of Prisoner/and in the Alternative to Discharge Prisoner, Donnelle Ray
7   Matthews, from Unlawful Restraint.  These documents requested Matthews' presence at
8   a hearing on the issues and sought relief on the grounds that Detective Matthew Wayne
9   Griffis committed perjury and had no personal knowledge when he testified before the
10  grand jury, Matthews was not provided with a preliminary hearing, the grand jury was
11  improperly drawn and sanctioned, the prosecutor engaged in *ex parte* communications,
12  Detective Cathy Rau committed perjury and had no personal knowledge when she
13  testified before the grand jury, prosecutorial misconduct, alleged victim Barbara Pollard[3]
14  did not testify against him, Justice of the Peace S. Hayes acted without jurisdiction and
15  violated the canons of the Code of Judicial Conduct (expedited the matter to the Pima
16  County Superior Court), Justice of the Peace Weber acted without jurisdiction and
17  violated the canons of the Code of Judicial Conduct (did not conduct preliminary
18  hearing), Judge James C. Carruth violated the canons of the Code of Judicial Conduct by
19  violating Matthews' right to a speedy trial, Judge Carruth denied Matthews' petition for
20  writ of habeas corpus without the appearance of a court reporter, false imprisonment

21

22  _____

23  [1]Matthews' November 29, 1993, Petition for Writ of Habeas Corpus indicates that a
    petition was filed on September 13, 1993, and a petition was filed on October 22, 1993.
24  Respondents' Exhibit D, p. 13 of 22.

25  [2]At times the Court refers to filing dates that are file-stamped on documents; at other
    times the Court refers to the date a document was signed by Matthews.
26

27  [3]At different points in the documents, the person is referred to as Barbara Pollard,
    Barbara Polland, and Barbara Rolland.  Grand jury testimony cited by Matthews indicates
28  that the name is Barbara Pollard; thus, the Court will use that name in this Order.

1    (based on unconstitutional entry and arrest and no preliminary hearing), Fourth

2    Amendment Violations, and Matthews was not timely brought before a magistrate.

3    Matthews also refers to waiving his right to appeal without being aware of what he was

4    doing.  The record does not show a ruling on this petition.

5        On February 10, 1994, Matthew filed a federal habeas petition.  On April 10, 1994,

6    that petition was dismissed without prejudice to allow Matthews to present his claims in

7    the state courts and to properly exhaust those claims.

8        On or about October 24, 1994, Matthews filed a Notice of Post-Conviction Relief

9    in the Pima County Superior Court.  Matthews' request for post-conviction relief raised

10    the issues of unlawful entry to arrest and unlawful arrest (Fourth Amendment violations),

11    the grand jury was improperly drawn and sanctioned, infringement of Matthews' rights

12    against self-incrimination, prosecutorial misconduct, denial of Matthews' right to a

13    speedy trial, vindictive prosecution, use of perjured testimony, lack of jurisdiction,

14    unconstitutional amendment of the indictment, newly discovered evidence, including that

15    the alleged victim Barbara Pollard was actually Barbara Davis (who had an extensive

16    criminal history of alcohol abuse and forgery charges), sham representation by the Pima

17    County Public Defender's Office, Justice of the Peace did not conduct a preliminary

18    hearing and expedited the matter to the Pima County Superior Court, *ex parte*

19    communications between prosecutor and defense attorney, Matthews was never arrested

20    or booked for the charge of kidnapping, ineffective assistance of trial counsel, abuse of

21    discretion by Judge Carruth, and failure to appeal was without fault of Matthews.  On

22    June 13, 1995, the trial court denied relief on three grounds:  untimeliness, preclusion,

23    and the petition's contents were baseless.  Matthews petitioned for review to the Court of

24    Appeals of Arizona.  The Court of Appeals determined that the summary dismissal of the

25    petition was appropriate and granted review but denied relief.[4]  On or about January 24,

26

27        [4]The Court notes that Respondents' Exhibit M only includes every-other page of the
28    Arizona Court of Appeals' decision.

1996, Matthews filed a Notice with a Motion to Consolidate Special Actions to Post-Conviction Application and Amendment to Petition for Reconsideration.  On February 8, 1996, the Arizona Court of Appeals deemed this to be a motion for reconsideration and denied relief. On February 15, 1996, Matthews petitioned for special action review of the Arizona Court of Appeals' decision to the Arizona Court of Appeals.  On February 23, 1996, the Court of Appeals dismissed the special action for lack of jurisdiction. Matthews did not petition for review to the Supreme Court of Arizona and the mandate appears to have been issued on March 7, 1996.

On or about April 4, 1996, Matthews filed another special action in the Arizona Court of Appeals.  On May 9, 1996, the special action was dismissed for lack of jurisdiction because Matthews was not seeking special action from an order of the superior court.

On May 31, 1996, Matthews filed a second Notice of Post-Conviction Relief, a request for special action relief from the trial court, and other miscellaneous documents. On July 1, 1996, and July 5, 1996, Matthews filed additional  miscellaneous documents. On August 7, 1996, the trial court, referring to "a volunminous amount of 'legal pleadings'" and "largely unintelligible papers[,]" denied relief for the same reasons as set forth in the June 13, 1995, order and the December 19, 1995, Arizona Court of Appeals' opinion. Respondents' Exhibit X. On September 9, 1996, Matthews sought special action relief from the August 7, 1996, order.  The Arizona Court of Appeals declined to accept jurisdiction.

In February 1997, Matthews filed a third state habeas petition. On March 6, 1997, the action was dismissed for failure to state claims upon which Matthews was entitled to relief.

On April 30, 1997, Matthews filed a fourth state habeas petition and miscellaneous documents.  On May 23, 1997, the trial court treated the petition as a Petition for Post-Conviction Relief and dismissed it for the same reasons as set forth in the trial court's June 3, 1995, August 7, 1996, and March 6, 1997, orders and the Arizona Court of

Appeals' December 19, 1995, opinion.  After Matthews filed a request for appointment of counsel in habeas corpus proceedings, the trial court, on June 26, 1997, reaffirmed its May 23, 1997, order and denied relief.

Matthews appears to have filed a fifth state habeas petition and, on July 29, 1997, the trial court dismissed the petition for failing to state a claim upon which relief can be granted and for advancing the same issues that had previously been disposed of by the court.

Matthews appears to have filed a sixth state habeas petition and, on October 9, 1997, the trial court dismissed the petition because Matthews had not raised any new claims in the petition.

On or about April 30, 1998, Matthews filed another Notice of Post-Conviction Relief.  On February 10, 1999, the trial court denied relief because Matthews had not raised an issue that was within the scope of Rule  32, Ariz.R.Crim.P, Arizona's post-conviction relief rule.

On June 12, 1998, Matthews filed a petition for special action.  On September 9, 1998,  the Arizona Court of Appeals declined to accept jurisdiction.

Matthews apparently filed another petition for special action; on November 18,1998, the Arizona Court of Appeals found the petition to be a frivolous filing, like the seven previous filings that were deemed as frivolous with jurisdiction declined, and ordered Matthews to file no further special actions without first moving for written permission to do so.

On or about August 7, 2000, Matthews filed a Motion to Vacate Judgment.  On August 18, 2000, and August 31, 2000, the motion was denied as untimely and without factual or legal basis, and because the issues were identical to those previously dismissed.

On or about August 11, 2000, Matthews filed his first direct review Notice of Appeal.  On October 9, 2000, Matthews petitioned for review in Arizona Court of Appeals of the trial court's August 18, 2000, order, Matthews' September 18, 2000, special action, and the trial court's June 13, 1995, denial of post-conviction relief.  These

1   documents were filed under Matthews' appeal case number.  On October 23, 2000, the
2   Arizona Court of Appeals granted the State's motion to dismiss (as untimely and without
3   jurisdiction).

4          Matthews appears to have filed a special action petition in the Pima County
5   Superior Court.  On October 3, 2000, the trial court denied the petition because Matthews
6   had provided no additional law or facts that would justify granting the requested relief.

7          On August 13, 2001, Matthews filed a Nunc Pro Tunc Notice of Post-Conviction
8   Relief and accompanying documents.  On October 24, 2001, the trial court summarily
9   denied relief because Matthews had failed to raise any material issue of fact or law.

10         On September 13, 2001, Matthews filed a petition for special action in the Arizona
11  Court of Appeals.  On September 18, 2001, the Arizona Court of Appeals dismissed the
12  petition with leave to re-file in conformity with the Arizona Rules of Procedure for
13  Special Actions 7.  The mandate was issued on October 26, 2001.

14         On September 25, 2001, Matthews filed another petition for special action.  The
15  Arizona Court of Appeals declined to accept jurisdiction and, on April 1, 2002, the
16  Supreme Court of Arizona denied review.

17         On September 9, 2003, the Arizona Court of Appeals declined to accept
18  jurisdiction of another petition for special action.  This petition is not included as part of
19  the record.

20         In March 2004, Matthews filed a motion for an extension of time to file a petition
21  for post-conviction relief, a motion for change of judge, and another state habeas petition.
22  On March 24, 2004, the trial court granted an extension of time, denied the motion for
23  change of judge, and found that the claims in the state habeas petition had already been
24  adjudicated and did not provide grounds for relief.  Matthews filed a petition for special
25  action and, on April 27, 2004, the Arizona Court of Appeals declined to accept
26  jurisdiction.  The mandate was issued on July 22, 2004.

27         On or about June 22, 2004, Matthews filed a Petition for Writ of Habeas Corpus
28  by a Person in State Custody Pursuant to 28 U.S.C. § 2254 in this Court.

1    In his Petition, Matthews sets forth four claims for relief.  Matthews first asserts

2    that he was falsely imprisoned without legal process from the time of his arrest to the time

3    of sentence.   In making this claim, Matthews asserts that he was unlawfully arrested,

4    unlawful grand jury practices were employed, Matthews was unlawfully stripped of his

5    constitutional rights to a preliminary hearing, and a twelve year old conviction was

6    unlawfully used to aggravate his sentence.  Matthews' second claim asserts that he was

7    convicted on false and fabricated evidence.  Matthews asserts in his third claim that he

8    was denied legal counsel.  Matthews asserts that he was not provided the assistance of an

9    attorney at his arraignment and that appointed counsel Harriette Levitt and Geoffrey

10   Cheadle provided ineffective assistance of counsel.  Matthews further asserts that he was

11   denied  effective  assistance  of  counsel  during  appeal  and  post-conviction  relief

12   proceedings.  In his fourth claim, Matthews asserts that he was denied a right to an equal

13   opportunity to the courts and to appeal by denying Matthews transcripts and records and

14   by denying Matthews the appointment of counsel.  On or about June 30, 2004, Matthews

15   filed a Supplement to Petition for Writ of Habeas Corpus, accompanying affidavit, and

16   exhibits.  On or about January 28, 2005, Matthew filed a Supplement to Petition for Writ

17   of Habeas Corpus in which he asserts a claim that the prosecution failed to disclose

18   exculpatory evidence to the defense.

19   On or about December 10, 2004, Matthews filed a Request for Evidentiary Hearing

20   and to Appoint Legal Counsel.  After setting forth arguments to support his claims for

21   habeas relief, Matthews indicated that his request would be supplemented.  On January

22   18, 2005, Matthews filed a Supplemental to Request for Evidentiary Hearing and to

23   Appoint Legal Counsel.  This document also set forth arguments to support Matthews'

24   claims for habeas relief.  A response has not been filed.

25   On or about February 3, 2005, Matthews filed a Request for Discovery. Matthews

26   supplemented this request on or about February 16, 2005.

27   On or about February 16, 2005, Matthews filed a Motion to Request Leave to File

28   a Second Supplemental Pleading.  On or about February 26, 2005, Matthews filed a

1  Motion to Request Leave to File a Traverse and an accompanying Reply/Traverse.

2      On February 18, 2005, Respondents filed an Answer.

3

4  *Request for Evidentiary Hearing and to Appoint Legal Counsel*

5      A determination of whether an evidentiary hearing is needed shall be made upon

6  review of the pleadings, transcripts, and record.  Rule 8(a), Rules Governing Habeas

7  Corpus Cases Under § 2254.  The Court having determined, *infra*, that the habeas petition

8  is untimely, an evidentiary hearing is not needed.

9      The right to counsel provisions of the Sixth Amendment do not apply in habeas

10 corpus proceedings.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert.

11 denied*, 481 U.S. 1023 (1987).  Nonetheless, under 18 U.S.C. § 3006A(a)(2)(B) a district

12 court has discretion, when "the interests of justice so require," to appoint counsel for an

13 indigent defendant seeking relief under section 28 U.S.C. § 2254.  In determining whether

14 the interests of justice require the appointment of counsel, the Court considers the

15 likelihood of success on the merits and the ability of Matthews to articulate his claims *pro

16 se*.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983).

17     Matthews has raised four grounds in his Amended Petition: (1) the conviction was

18 obtained by the use of evidence gained pursuant to an unlawful arrest; failure to provide

19 a full and fair hearing on the Fourth Amendment claims; (2) Matthews was falsely

20 imprisoned in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments; (3) the

21 conviction was obtained by action of a grand jury that which was unconstitutionally

22 selected and impaneled in violation of the Fifth, Sixth, and Fourteenth Amendments, and;

23 (4) Matthews was denied effective assistance of counsel in violation of the Sixth and

24 Fourteenth Amendments.  In making his claims, Matthews has set forth the factual

25 allegations and legal arguments to support his claims.  Petitioner has effectively

26 articulated his claims *pro se*.  Moreover, as discussed *infra*, the Court does not find there

27 is a likelihood of success of the merits because the habeas petition is untimely.  The

28 Court finds the interests of justice do not require the appointment of counsel.

- 8 -

*Motion for Leave to Conduct Discovery*

Matthews has requested this Court to allow him to conduct discovery. Matthews has not shown good cause for this Court to authorize discovery. Rule 6, Rules Governing Habeas Corpus Cases Under § 2254. Moreover, this Court has determined, *infra*, that the habeas petition is untimely; discovery is not warranted to proceed with an untimely petition.

*Motion for Leave to File Traverse*

Matthews has filed a Motion to Request Leave to File a Second Supplemental Pleading and a Motion to Request Leave to File a Traverse. In submitting his Motion to Request Leave to File a Traverse, Matthews has submitted his Traverse. Respondents do not oppose the motion. The Court accepts Matthews' Traverse.

*Statute of Limitations*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must generally file a petition for writ of habeas corpus within one year from the date upon which his judgment became final or the expiration of time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Matthews did not appeal his October 29, 1992, conviction and sentence within the 20 days allotted under Rule 31.3(a), Ariz.R.Crim.P. Matthews' judgment of conviction, therefore, became final when the 20-day period during which Matthews could have, but did not, file a notice of appeal to the Arizona Court of Appeals. *See generally Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Matthews' federal limitations period began running on AEDPA's effective date, April 24, 1996, giving [Matthews] one year from that date (in the absence of tolling) to file a federal habeas petition." *Carey v. Saffold*, 536 U.S. 214, 220-21, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

1    *Statutory Tolling of Limitations Period*

2    The limitations period is statutorily tolled during the time in which a "properly

3    filed application for State post-conviction or other collateral review with respect to the

4    pertinent judgment or claim is pending" in the state courts.  28 U.S.C. § 2244(d)(2);

5    *Carey*.

6    A request for post-conviction relief is "properly filed" when its "delivery and

7    acceptance are in compliance with the applicable laws and rules governing filings" such

8    as "the form of the document, the time limits upon its delivery, and the court and office

9    in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8-9,

10   121 S.Ct. 361, 148 L.Ed.2d 213 (2000).  As long as a state procedure for filing a post-

11   conviction relief petition exists, "the petition is pending while the state court considers

12   it, whether the decision is ultimately on the merits or on procedural grounds." *Chavis v.*

13   *LeMarque*, 382 F.3d 921, 925 (9th Cir. 2004).  In *Carey*, the United States Supreme Court

14   held the statute of limitations is tolled where a petitioner is properly pursuing

15   post-conviction relief, and the period is tolled during the intervals between one state

16   court's disposition of a habeas petition and the filing of a habeas petition at the next level

17   of the state court system. 536 U.S. at 214-15, 122 S.Ct. at 2135-36; *see also Nino v.*

18   *Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846,

19   146 L.Ed.2d 787 (2000); *Welch v. Newland*, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled

20   period includes intervals between the disposition of a state court petition and the filing

21   of a subsequent petition at the next state appellate level"); *Patterson v. Stewart*, 251 F.3d

22   1243, 1247 (9th Cir. 2001) (stating that the "AEDPA's one-year grace period is tolled

23   during the pendency of properly filed state petitions challenging the judgment or claim

24   at issue."); *cf. Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling

25   between consecutive filings at the same level).

26   The Ninth Circuit applies a two-part test to determine whether a habeas petitioner

27   is entitled to statutory tolling of the period between the denial of a first post-conviction

28   relief petition "and the commencement of his next series of petitions":

First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition.  If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. *Biggs v. Duncan*, 339 F.3d 1045 (9th Cir. 2003).  But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making "proper use of state court procedures," *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), and his application is still "pending" for tolling purposes.  *See Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) ("until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending'").  We thus construe the new petitions as part of the first "full round" of collateral review.  *Carey*, 536 U.S. at 222, 122 S.Ct. 2134.  We then ask whether they were ultimately denied on the merits or deemed untimely. *Id.*.  In the former event, the time gap between the petitions is tolled; in the latter event it is not.

*King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (second series of petitions made no attempt to correct prior petition; second series of petitions were treated as a separate round).

Presenting federal claims in a state habeas corpus petition does not constitute "fair presentation" to the state courts under Arizona law.  *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  The Ninth Circuit has rejected the proposition that filing a state habeas petition constitutes a fair presentation of a federal claim "[b]ecause Rule 32 now explicitly provides a post-conviction remedy for jurisdictional challenges, and because the Arizona legislature and the courts have shown a clear preference that claims cognizable under Rule 32 be presented in a Rule 32 petition for post-conviction relief rather than a petition for habeas corpus[.]"  *Id.*, *citing Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).[5]

Similarly, the "state habeas petition is like Arizona's special action petition; it is solely a method for obtaining extraordinary relief."  *Rivera-Sanchez v. Crist*, 832 F.Supp. 276, 281 (D.Ariz. 1993), *citations and internal quotations omitted* ("habeas corpus is not intended to serve as a means for a defendant to obtain successive appeals, and all issues

---

[5]In Arizona, post-conviction relief procedures have been consolidated into one comprehensive post-conviction remedy. Rule 32, Ariz.R.Crim.P., Comment.  A prisoner seeking to attack the constitutionality of his conviction or sentence must do so by way of a direct review appeal or a petition for post-conviction relief. Rules 31 and 32, Ariz.R.Crim.P.; *State v. Sandon*, 161 Ariz. 157, 158, 777 P.2d 220, 221 (1989).

which were raised by a defendant on appeal or which might have been raised on appeal are precluded"). Therefore, a special action petition is not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [that] is pending"' in the state courts under § 2244(d)(2) and *Carey*, 536 U.S. at 220-21.

Arguably, Matthews' November 29, 1993, Petition for Writ of Habeas Corpus (False Imprisonment) was pending on April 24, 1996, the beginning of Matthews' one-year statute of limitations period – the record does not show that this Petition has ever been specifically ruled upon. However, Matthews' presentation of federal claims in a state habeas corpus petition did not constitute a "fair presentation" to the state courts under Arizona law. *Roettgen*. This petition, therefore, did not constitute a properly filed application for State post-conviction or other collateral review. *See e.g., Castille*, 489 U.S. at 351 (denying "fair presentation" when "the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefore"). Moreover, Matthews' first Petition for Post-Conviction Relief included the claims set forth in the November 29, 1993, petition. The trial court's June 13, 1995, denial of Matthews' petition for post-conviction relief and the appellate review of that denial, therefore, resolved all of the pre-judgment issues of the November 29, 1993, petition. This action did not toll the AEDPA's statute of limitations.

On April 24, 1996, a petition for special action (filed on April 4, 1996) was pending. On May 9, 1996, the special action was dismissed for lack of jurisdiction by the Arizona Court of Appeals because Matthews was not seeking special action relief from an order of the superior court. This petition did not constitute a properly filed application for State post-conviction or other collateral review. *See e.g., Rivera-Sanchez* and *Castille*. The statute of limitations was not tolled while this action was pending.

On May 31, 1996, July 1, 1996, and July 5, 1996, Matthews filed a second Notice of Post-Conviction Relief and other miscellaneous documents. On August 7, 1996, the

trial court denied relief for the same reasons as set forth in the June 13, 1995, order and the December 19, 1995, Arizona Court of Appeals' opinion. The June 13, 1995, order denied relief on the grounds that the petition was untimely, the majority of the claims were precluded under Rule 32, Ariz.R.Crim.P., and the petition's contents were baseless. The Arizona Court of Appeals' opinion concurred with the trial court's assessment of the claims and the summary dismissal of the petition. On September 9, 1996, Matthews sought special action relief from the August 7, 1996, order. The Arizona Court of Appeals declined to accept jurisdiction. Because the trial court rejected Matthews' second petition for post-conviction relief on timeliness grounds, the statute of limitations was not tolled during this period. *King*, 340 F.3d at 823; *Chavis*, 382 F.3d at 927; *Welch*, 350 F.3d at 1081-84; *Delhomme v. Ramirez*, 340 F.3d 817, 820-21 (9th Cir. 2003); *Biggs*, 339 F.3d at 1048.

In February 1997, Matthews filed another state habeas petition. On March 6, 1997, the trial court found that Matthews' documentation was basically indistinguishable from Matthews' previous filings and the action was summarily dismissed for failure to state claims upon which Matthews was entitled to relief. The presentation of the claims in a state habeas corpus petition in Arizona does not constitute "fair presentation". *Roettgen*, 33 F.3d at 38. Indeed, the claims were a repetition of prior filing rather than an elaboration of facts relating to claims in a prior petition. *King*, 340 F.3d at 823. The statute of limitations was not tolled during this period.

*Equitable Tolling of Limitations Period*

Similarly, Matthews has failed to establish any period of equitable tolling during this time period. *Gaston v. Palmer*, 2005 WL 1803261 (9th Cir. 8/2/2005) (habeas petitioner has the burden to show that equitable tolling is appropriate). Equitable tolling is not available in most cases, "as extensions of time will only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citations and internal quotation marks omitted); *Miranda v. Castro*, 292 F.3d 1063,

1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule").

*Conclusion*

Matthews' limitations period to file a federal habeas petition began running on the AEDPA's effective date, April 24, 1996. Matthews is not entitled to statutory or equitable tolling through April 24, 1997. On April 24, 1997, therefore, Matthews' one-year statute of limitations within which to file a federal habeas petition expired. Matthews did not file the instant federal habeas petition until June 22, 2004. This habeas action is time-barred. The action will be dismissed.

Accordingly, IT IS ORDERED:

1.      The Motion for Hearing [Doc. # 19] is DENIED;

2.      The Motion to Appoint Counsel [Doc. # 19] is DENIED;

3.      The Motion for Discovery [Doc. # 27] is DENIED;

4.      The Motion to Request Leave to File a Second Supplemental Pleading [Doc. # 28] is GRANTED;

5.      The Motion to Request Leave to File a Traverse [Doc. # 36] is GRANTED;

6.      Matthews' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED;

7.      This matter is DISMISSED with prejudice, and;

8.      The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 22nd day of September, 2005.

_____
Cindy K. Jorgenson
United States District Judge